CITIZENS NATIONAL BANK OF GRINNELL, Appellee, v. JOHN L. JOHNSTON, County Treasurer, et al., Appellants.

**TAXATION:** Assessment—Property Not Assessable as "Moneyed Capital." Purchase-money mortgages, bank deposits, loans as investments, and fiduciary funds loaned on order of court, do not (on record presented) constitute "moneyed capital" employed in competition with national banks, and are, therefore, properly taxed as moneys and credits.

Headnote 1: 37 Cyc. p. 783.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

FEBRUARY 17, 1925.

ACTION to enjoin the collection of a tax assessed against the owners of the shares of capital stock of a national bank. From a decree as prayed in plaintiff's petition, the defendants appeal.—*Reversed.*

*Talbott & Talbott* and *C. F. Dickson,* for appellants.

*Beyer & Manly, J. H. Patton, J. G. Shifflett, Frank Bechly,* and *Reed & Reed,* for appellee.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *H. C. Schulz,* County Attorney, and *Henry Silwold, Amici Curiae.*

FAVILLE, C. J.—I. Appellee is a national bank, located at Grinnell, in Poweshiek County, Iowa. On January 1, 1922, appellee had a capital stock of $50,000, with a surplus of

$40,000, and undivided profits of $8,065.62. The amount of capital invested in real estate was $8,181.77, leaving a net balance of capital, surplus, and undivided profits of $89,883.85. The shares of stock of appellee bank were assessed upon this basis of $89,883.85, by ascertaining 20 per cent thereof as the taxable value, which amounted to $17,976.77, and said value so ascertained was assessed at the rate of 184.5 mills on the dollar, which was the regular and usual rate of assessment within the taxing district.

The contention of appellee is that there was "other moneyed capital" within the taxing district that was in competition with appellee, which was not assessed at the same rate as were the shares of stock of appellee; but that said other property was assessed as "moneys and credits," and at the rate of 5 mills on the dollar of the value thereof. As a result of this situation, it is the contention of appellee that it was unlawfully discriminated against in the taxation of its shares of stock. The trial court found that there was such discrimination, and that the shares of stock of appellee were only subject to assessment at the rate of 5 mills on the dollar of the taxable value thereof.

It appears from the record that, on January 1, 1922, which was the date of the levying of the tax, there were moneys and credits assessed within the taxing district amounting to $3,843,950; and it appears that the total amount so assessed as moneys and credits was assessed against approximately 340 taxpayers. Evidence was introduced with regard to the character of the property that was so assessed as moneys and credits owned by 14 of said taxpayers. The total amount of property so owned by the said 14 taxpayers that was assessed as moneys and credits was $278,950, a little over 7 per cent of the total amount assessed as moneys and credits within the taxing district.

There is no evidence whatever in the record with regard to the character of the balance of the moneys and credits assessed within the taxing district. The evidence shows that, of the $278,950 moneys and credits regarding which proof was offered in the record, $132,750 was in notes and mortgages owned by officers or stockholders of banks in the taxing district, $47,000 represented purchase-money mortgages, $5,000 represented notes taken for the purchase price of personal property, $17,750 repre-

sented purchase-money mortgages on real estate, $6,000 was money deposited in banks, $25,450 represented loans held by estates of decedents and guardianship, and $92,000 was in notes and mortgages representing funds that had been accumulated in business or in the sale of lands or other property and had been loaned out by the owners thereof.

It is not claimed that any of the individuals taxed as the owners of moneys and credits were engaged in the business of loaning money, as the term "business" is ordinarily used and understood. There is no claim that any of them maintained any office or place of business in connection with the loans or investments that were made, for the purpose of carrying on the same.

As before stated, the record is silent as to approximately 93 per cent of the property taxed as moneys and credits within the taxing district, which was owned by approximately 325 taxpayers.

The contention of appellee is that the property assessed within the taxing district as moneys and credits was, in fact, moneyed capital in competition with appellee bank; and that appellee was unjustly and unlawfully discriminated against in being taxed at the regular rate of taxation within said district on 20 per cent of the taxable value of its property outside of its real estate; and that, at most, it could be taxed only on the basis of 5 mills on the dollar of the actual value of its property; or, in other words, that it was subject to tax only on the same basis at which moneys and credits within the same district were taxed.

We have recently had occasion to review the statutes of this state in connection with Section 5219 of the Revised Statutes of the United States, as amended, involving the identical question presented here, in the case of *First Nat. Bank of Montezuma v. Board of Review*, 199 Iowa ——. Our decision in that case is conclusive of the question involved in this case, unless it should appear from the record that, upon the facts shown, there was moneyed capital within the taxing district actually in competition with appellee bank, that was not properly assessed as moneyed capital, but was assessed as moneys and credits.

The various items of property which were taxed as moneys and credits in the instant case, and regarding which proof was offered, were of the same general character as the proved items that were assessed as moneys and credits in the *Montezuma* case. In a general way, they consisted of purchase-money mortgages on real and personal property, of deposits in banks, and of notes and mortgages held by individuals which represented investments in the hands of such individuals. In the instant case, it also appears that there were funds so invested in notes and mortgages by the representatives of estates and guardianships, which were invested under order of the court.

It is unnecessary that we repeat the discussion in the *Montezuma* case. As therein stated, we are of the opinion that purchase-money mortgages in the hands of the mortgagee, and money deposited in a bank, even though the owner thereof may receive interest thereon, and loans made merely as investments of accumulated funds, are properly classified and assessed as moneys and credits, under the laws of this state, and are not, in and of themselves, moneyed capital in competition with the business of a national bank. The investment of funds in the hands of representatives of estates of decedents, or of one under guardianship, made in pursuance of an order of court, and for the purpose of securing said funds and the interest that may accrue thereon, is not moneyed capital in competition with the business of a national bank, but is properly classified and assessed as moneys and credits. There is nothing in the character of the property assessed as moneys and credits, in the instant case, that distinguishes it from the kind and character of property assessed as moneys and credits in the *Montezuma* case, which we held was properly so assessed, and was not moneyed capital in competition with the business of a national bank.

In the instant case, appellee offered the testimony of its cashier, who, over objection, testified to the general effect that, in his judgment, the property assessed as moneys and credits within the taxing district was moneyed capital in competition with the business of appellee. Granting, for the sake of the argument, the admissibility of the opinion of this witness, we are still compelled to determine the question from the actual facts in regard to the character of the property and the method of its

use; and, going to such ultimate facts as are shown by the record, we reach the conclusion that the property assessed as moneys and credits within the taxing district, as shown by the record in this case, was not moneyed capital in competition with the business of appellee bank, within the terms of Section 5219 of the Revised Statutes of the United States.

II. Arguments have been filed in this cause by *amici curiæ*, regarding the question that appellee's proper remedy to test the legality of the tax is not by injunction.

Our holding being that the tax levied against the shares of the stock of appellee was properly and legally levied, the question of the remedy sought by appellee becomes wholly immaterial in this case. The question does not appear to have been presented to the court below, and is not urged by appellee on appeal; and we are not disposed to pass upon what is, in effect, a moot question, raised for the first time in this court at the instance of *amici curiæ*. We therefore make no pronouncement on the question as to the proper remedy.

For the reasons pointed out, the district court should have dismissed appellee's petition, and the decree appealed from is reversed, for the entry of a decree by the trial court in accordance with this opinion.

It is so ordered.—*Reversed.*

EVANS, ARTHUR, and ALBERT, JJ., concur.