POWESHIEK COUNTY SAVINGS BANK OF BROOKLYN, Appellee, v. JOHN L. JOHNSTON, County Treasurer, et al., Appellants.

**TAXATION:** Assessment — **Property Not Assessable as "Moneyed Capital."** Purchase-money mortgages, bank deposits, loans as investments, loans on real estate, accounts, and notes representing goods sold, do not constitute "moneyed capital" employed in competition with savings banks, and are, therefore, properly taxed as moneys and credits.

Headnote 1:  37 Cyc. p. 783.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

FEBRUARY 17, 1925.

ACTION in equity, to secure an injunction to prevent the collection of a certain tax assessed against the owners of the capital stock of a savings bank. An injunction was issued as prayed, and the defendants appeal.—*Reversed.*

*Talbott & Talbott* and *C. E. Dickson,* for appellants.

*Reed & Reed, Beyer & Manly, J. H. Patton, J. G. Shifflett,* and *Frank Bechly,* for appellee.

FAVILLE, C. J.—I.   Appellee is a corporation organized under the laws of this state, as a savings bank, and is located in

Poweshiek County. On January 1, 1922, the capital stock
of appellee bank was $40,000. It had a surplus of $20,000, and
undivided profits of $11,302.64, making a total of $71,302.64.
The amount of capital invested in real estate was $16,500, leav-
ing a net balance of $54,802.64. The assessment was made on
the basis of 20 per cent of the net amount of the capital, sur-
plus, and undivided profits, after deducting therefrom the
amount of capital invested in real estate, which fixed the tax-
able value at $10,906. A tax was levied upon this taxable value
at the rate of 139 mills on the dollar, which was the rate at
which other property in said taxing district was assessed.

On January 1, 1922, moneys and credits were assessed in
the taxing district to the amount of $2,096,744. Of the total
amount so assessed as moneys and credits, evidence was offered
with respect to $522,514, which amount was assessed to 19 dif-
ferent taxpayers. We find no evidence in the record with regard
to the character of the remaining portion of the total amount
assessed as moneys and credits within the taxing district, nor
as to the number of taxpayers to whom the same was assessed.
Of the $522,514 moneys and credits regarding which testimony
was offered, it appears that, under the evidence, the same were
subject to division and classification as follows:

Notes and mortgages representing the purchase price
    of real estate sold                        $162,500.00
Accounts and notes of merchants taken for mer-
    chandise sold                            24,400.00
Money deposited in bank                  33,851.00
Notes and mortgages representing loans made and
    owned by officers and stockholders of plaintiff
    bank                             39,230.00
Notes and mortgages made by or through plaintiff
    bank or its officers               14,000.00
Notes and mortgages owned by clients and custom-
    ers of plaintiff bank, some of which, owned by
    each taxpayer, were made by or through plain-
    tiff bank, or its officers, or with their assistance,
    amounts of such loans made by or through plain-
    tiff not appearing               213,050.00

Other loans, mostly real estate mortgages                    35,483.00

                                                          $522,514.00

Sections 1322 and 1322-1a, Code Supplement, 1913, provide for the manner of the taxation of shares of stock of national and state and savings banks and loan and trust companies located in this state. Said sections are as follows:

"Sec. 1322. Shares of stock of national banks and state and savings banks, and loan and trust companies, located in this state, shall be assessed to the individual stockholders at the place where the bank or loan and trust company is located. At the time the assessment is made the officers of national banks and state and savings banks and loan and trust companies shall furnish the assessor with lists of all the stockholders and the number of shares owned by each, and the assessor shall list to each stockholder under the head of corporation stock the total value of such shares. To aid the assessor in fixing the value of such shares, the said corporation shall furnish him a verified statement of all the matter provided in Section 1321 of the Supplement to the Code, 1907, which shall also show separately the amount of the capital stock and the surplus and undivided earnings, and the assessor from such statement shall fix the value of such stock based upon the capital, surplus, and undivided earnings. In arriving at the total value of the shares of stock of such corporations, the amount of their capital actually invested in real estate owned by them and in the shares of stock of corporations owning only the real estate (inclusive of leasehold interests, if any) on or in which the bank or trust company is located, shall be deducted from the real value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation shall not be otherwise assessed."

"Sec. 1322-1a. For the purpose of placing the taxation of bank and loan and trust company stock and moneyed capital as nearly as possible upon a taxable value relatively equal to the taxable value at which other property is now actually assessed throughout the state as compared with the actual value thereof, it is hereby provided that state, savings and national

bank stock and loan and trust company stock and moneyed capital shall be assessed and taxed upon the taxable value of twenty per cent of the actual value thereof, determined as herein provided, which twenty per cent of the actual value shall be taken and considered as the taxable value and shall be taxed as other property in such taxing district.''

Moneys and credits in this state, in 1922, were assessed under the provisions of Section 1310, Code Supplement, 1913, which is as follows:

''Moneys, credits and corporation shares or stocks, except as otherwise provided, cash, circulating notes of national banking associations, and United States legal tender notes, and other notes, and certificates of the United States payable on demand, and circulating or intended to circulate as currency, notes, including those secured by mortgage, accounts, contracts for cash or labor, bills of exchange, judgments, choses in action, liens of any kind, securities, debentures, bonds other than those of the United States, annuities, and corporation shares or stocks not otherwise taxed in kind, shall be assessed, and, excepting shares of stock of national, state and savings banks and loan and trust companies, and moneyed capital as hereinafter defined, shall be taxed upon the uniform basis throughout the state of five mills on the dollar of actual valuation, same to be assessed and collected where the owner resides. The millage tax here provided for shall be in lieu of all other taxes upon moneys and credits and shall be levied by the board of supervisors, placed upon the tax list and collected by the county treasurer, and the amount collected in the various taxing districts of the state shall be divided between the various funds upon the same prorata basis as other taxes collected in such taxing district are apportioned. All moneyed capital within the meaning of Section 5219 of the Revised Statutes of the United States shall be listed and assessed against the owner thereof at his place of business, and if a corporation at its principal place of business, at the same rate as state, savings, national bank and loan and trust company stock is taxed, in the same taxing district, and at the actual value of the moneyed capital so invested. The person or corporation using moneyed capital in competition with bank capital shall furnish the assessor upon demand a

full and complete itemized sworn statement showing the amount of moneyed capital so used.''

Section 5219 of the Revised Statutes of the United States is as follows:

''Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by nonresidents of any state shall be taxed in the city or town where the bank is located, and not elsewhere.''

The contention of appellee, in brief, is that the property which was assessed as moneys and credits within the taxing district for the year 1922 was in fact moneyed capital in competition with appellee, and that there was a discrimination against appellee in the levying of said tax, in that said moneys and credits were assessed at five mills on the dollar of the actual valuation thereof; while the shares of stock of appellee were assessed in the manner heretofore described,—that is, at the same rate as other property, upon the taxable value of the shares of stock, as ascertained in the manner described.

The case turns on the question as to whether or not the property within the taxing district which was assessed and taxed as moneys and credits was, in fact, moneyed capital in competition with appellee.

We have recently had occasion to review at length the question thus presented, in *First Nat. Bank of Montezuma v. Board of Review,* 199 Iowa ——, where the question arose in regard to the taxation of shares of stock in a national bank. See, also, *Citizens Nat. Bank of Grinnell v. Johnston,* 199 Iowa 460.

The prohibition of the Federal statute is to the effect that the shares of stock in national banks shall not be assessed at a greater rate than other moneyed capital in the hands of indi-

vidual citizens of such state is assessed; and the effect of the state statute is to require that state and savings banks shall be assessed in the same manner and upon the same basis as national banks. The statutes are in harmony, and the purpose of the legislation was to provide that the shares of stock in national and state banks shall be assessed upon the same basis, and that they shall also be assessed upon the same basis as moneyed capital that is in competition with said banks.

The legislature has the undoubted right to provide for the assessment of property within the state by such classification, and to such an amount as it may deem best. As is pointed out in the *Montezuma* case, our statutes recognize at least three separate and distinct classifications. One is of property which is classified and assessed as moneys and credits; another is shares of stock in state, savings, and national banks; and a third classification is moneyed capital used in competition with state, savings, and national banks.

It is unnecessary for us to repeat the discussion of the question herein involved. The property assessed as moneys and credits in the taxing district for the year 1922 was, in our opinion, all properly assessed as moneys and credits, and was not moneyed capital in competition with appellee. The shares of stock of appellee bank were assessed in exact accordance with the provisions of the statute of this state. They were properly so assessed, and the tax so levied was valid. The *Montezuma* case covers the matters argued in the instant case.

II. Appellant challenges the right of appellee to maintain an action for an injunction to restrain the collection of the tax which was levied.

Holding, as we do, that the tax as levied was a valid tax, we do not pass upon the question as to whether appellee's remedy was by appeal, or whether injunction would lie to restrain the collection of a tax where it is claimed that said tax is wholly and absolutely void.

The trial court should have entered an order dismissing appellee's petition and denying the injunction prayed for. The

cause will be reversed and remanded to the district court for the entry of a decree in accordance with this petition.

It is so ordered.—*Reversed and remanded.*

EVANS, ARTHUR, and ALBERT, JJ., concur.